IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PING JIANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-660 (RDA/WEF) |
| | ) |
| HOWARD HUGHES MEDICAL INST.- | ) |
| JANELIA RESEARCH CAMPUS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Howard Hughs Medical Institute's Motion to Dismiss (Dkt. 5) and *pro se* Plaintiff Ping Jiang's Motion for Leave to file a Sur-Reply (Dkt. 12). This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Motion together with the Complaint (Dkt. 1), the Memorandum in Support (Dkt. 6), Plaintiff's Opposition (Dkt. 10), Defendant's Reply (Dkt. 11), and Plaintiff's Sur-Reply (Dkt. 12-1), this Court GRANTS the Motion for Leave to File a Sur-Reply and GRANTS the Motion to Dismiss for the reasons that follow.

### I. BACKGROUND
#### A. Factual Background[1]

Plaintiff alleges that he was employed by Defendant as a Manager of Cell Biology Operations from October 3, 2022, until July 26, 2023. Dkt. 1 ¶ 9. Plaintiff broadly alleges that, during that time, he was "subjected to unlawful discrimination based on race, color, sex, religion, and national origin." *Id.* ¶ 10. He alleges that he: (i) was "treated less favorably than similarly situated employees outside of Plaintiff's protected classes"; and (ii) experienced discrimination and retaliatory treatment by his supervisor. *Id.* ¶ 11.

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

Specifically, Plaintiff alleges that his supervisor withheld "critical information from colleagues who had expressed appreciation for Plaintiff's work" which "undermined fair and accurate evaluation of Plaintiff's work." *Id.* Plaintiff further alleges that his supervisor "exhibited jealousy regarding Plaintiff's problem solving abilities and demonstrated insecurity regarding their [sic] own authority, which manifested in unwarranted and hostile scrutiny of Plaintiff's work." *Id.* Plaintiff further alleges that Human Resources did not respond to Plaintiff's complaints. *Id.* Plaintiff asserts that he was "wrongfully terminated as a result of both retaliatory and discriminatory treatment." *Id.* ¶ 12.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on February 22, 2024. *Id.* ¶ 6. Plaintiff received a Notice of Right to Sue on January 29, 2025. *Id.* ¶ 7.

The Complaint contains no other <u>factual</u> allegations.

### B. Procedural Background

On April 18, 2025, Plaintiff filed the Complaint. Dkt. 1. On August 11, 2025, Defendant filed the Motion to Dismiss. Dkt. 5. That same day, the Court issued a *Roseboro* Notice. Dkt. 8. On August 28, 2025, Plaintiff filed an Opposition. Dkt. 10. On September 4, 2025, Defendant filed a Reply. Dkt. 11. On September 16, 2025, Plaintiff filed the Motion for Leave. Dkt. 12.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable

conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

III.   ANALYSIS

Defendant argues that certain of Plaintiff's claims are not properly exhausted. Dkt. 6 at 3. Defendant further asserts that Plaintiff has failed to state a claim under Rule 12(b)(6) for either discrimination or retaliation. *Id.* The Court will address each argument in turn.

A.   Exhaustion

Before filing a Title VII suit in federal court, a plaintiff must first exhaust his administrative remedies with the EEOC. *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the [EEOC]."). Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Id.* at 1851. Accordingly, the issue is properly analyzed under Rule 12 (b)(6). *Aruna v. Southern States Corp.*, 2024 WL 2136278, at *2 (E.D. Va. May 10, 2024). Failure to exhaust administrative remedies with the EEOC will result in the dismissal of a plaintiff's Title VII claim. *Wailes v. DeJoy*, No. 7:22-CV-12, 2023 WL 2695151, at *6 n.4 (W.D. Va. Mar. 29, 2023) (noting that "a plaintiff must plausibly allege that she exhausted administrative remedies to withstand a motion to dismiss").

Here, Plaintiff's EEOC Charge identified Plaintiff as Asian and his national origin as Chinese. Dkt. 6-1.[2] In the EEOC Charge, Plaintiff specifically asserted that he "received notably inferior treatment,

---

[2] The Court may properly consider the substance of the EEOC Charge even though it was not attached to Plaintiff's Complaint because it is incorporated by reference. *See Holloman v. Huntington Ingalls Inc.*, 499 F. Supp. 3d 269, 277 n.7 (E.D. Va. 2020).

3

compared to American counterparts" and that he was "terminated on July 26, 2023, a mere ten days after [he] exposed workplace misconduct involving HR and supported a colleague who was unfairly treated, retaliated against, and discriminated against due to her race and national origin." *Id.* The EEOC Charge specifically noted that Plaintiff claimed to have been "discriminated against due to my race, national origin, and in retaliation for my participation in protected activity." *Id.* None of those facts are included in the Complaint. And the EEOC Charge does not mention discrimination based on sex, color, or religion.

As the Fourth Circuit has noted, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (cleaned up). As judges in this District have noted, "[t]he Fourth Circuit has consistently held that a plaintiff's claim exceeds the scope of the EEOC charge where the charge alleges one basis of discrimination and litigation introduces another independent basis." *Baiden-Adams v. Forsythe Transp., Inc.*, 969 F. Supp. 2d 422, 428 (E.D. Va. 2013). In *Baiden-Adams*, the court specifically noted that a charge of race discrimination does not exhaust claims of color or sex discrimination. *Id.* (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002)); *see also Olsen v. City of Richmond*, 2025 WL 2656947, at *5 (E.D. Va. Sept. 16, 2025) (holding that sex discrimination claims not reasonably related to EEOC charge based on race and ethnicity). Accordingly, the Motion is granted in this regard, and the Complaint is dismissed to the extent it relies on claims related to sex, color, or religion.

B.   Failure to State a Claim

Plaintiff's Complaint only asserts a claim for discrimination under Title VII. *See* Dkt. 1 ¶¶ 14-16. Nonetheless, the Court – like Defendant – in deference to Plaintiff's *pro se* status construes the Complaint as attempting to assert a claim of race and national original discrimination as well as retaliation. In any event, Plaintiff fails to state a claim under either theory.

In the context of a Title VII case, "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Instead, a Title VII plaintiff is "required to allege facts to satisfy the elements of a cause of

4

action created by that statute." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Thus, the relevant inquiry is "whether [the plaintiff] alleges facts that plausibly state a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). Here, regardless of whether Plaintiff is attempting to establish race or national origin discrimination, Plaintiff has failed to allege non-conclusory facts to support his claims. Plaintiff has alleged no specific facts that support his conclusion that he was discriminated against. Although Plaintiff asserts that he was treated differently from similarly situated employees, he identifies no other employees nor explains how they were treated differently or how they are similarly situated. Indeed, Plaintiff pleads facts that support the inference that Plaintiff's supervisor's actions were not based on discrimination but were based on another basis – jealousy. Dkt. 1 ¶ 11. Plaintiff's allegations are vague and conclusory and thus fail to state a claim for discrimination. *Iqbal*, 556 U.S. at 678 (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's allegations of retaliation are similarly threadbare. Plaintiff's Complaint contains none of the allegations contained in the EEOC Charge. The Complaint is devoid of dates, descriptions of any protected activity, or any basis from which the Court could conclude that Plaintiff's termination was related to any Title VII-based protected activity. *See, e.g.*, *See Konate v. Norfolk State Univ.*, 2023 WL 2564337, at *5 (E.D. Va. Mar. 17, 2023) (dismissing where complaint did not state "the basis for Plaintiff's complaint [to employer, or] allege what unlawful activity he opposed"). Even the facts alleged in the EEOC Charge, to the extent the facts are incorporated into the Complaint, are too vague to state a plausible retaliation claim. Plaintiff does not allege to whom he complained or that the person who made the decision to terminate him (who is unidentified) was aware of any protected activity. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("Since by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case."). Accordingly, here too Plaintiff has failed to state a claim.

## IV.  CONCLUSION

In short, Plaintiff's Complaint is vague, conclusory, and lacks sufficient details to plausibly state a claim. Moreover, Plaintiff attempts to advance claims in this litigation that were not exhausted in the EEOC Charge. In deference to Plaintiff's *pro se* status, however, the Court will provide leave to amend Plaintiff's claims of race and national origin discrimination as well as Plaintiff's claim of retaliation.

Accordingly, it is hereby ORDERED that the Motion to Dismiss (Dkt. 5) is GRANTED; and it is

FURTHER ORDERED that the Motion for Leave to File a Sur-Reply (Dkt. 12) is GRANTED and the Clerk of the Court is DIRECTED to file the Sur-Reply (Dkt. 12-1) on the docket; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED without prejudice; and it is

FURTHER ORDERED that, if Plaintiff desires to amend his complaint to attempt to state a plausible claim of race or national origin discrimination or retaliation, he is DIRECTED to file any Amended Complaint on or before March 13, 2026. Any Amended Complaint should set forth all of the factual allegations upon which Plaintiff's claims are based. Specifically, any Amended Complaint should: (i) identify each claim he seeks to raise; and (ii) include a short, detailed statement of background facts which describes the specific conduct of Defendant or Defendant's agents or employees, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes Defendant is liable to him, and the remedies sought. Plaintiff is further WARNED that failure to comply with this Order may result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all parties.

It is SO ORDERED.

Alexandria, Virginia
February 3, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge